UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM FARRINGTON,
                     Plaintiff,

- against -

COMPASS MEDIA NETWORKS, LLC

                     Defendant.

Docket No. _____

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff William Farrington ("Farrington" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Compass Media Networks, LLC, ("Compass" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of an exclusive copyrighted photograph of Anthony Weiner riding a horse during his sex addition rehab, owned and registered by Farrington, a New York City based photojournalist. Accordingly, Farrington seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or are doing business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Farrington is a professional photojournalist in the business of licensing his photographs to online, print, and television stations for a fee, having a usual place of business at 160 Parkside Avenue, Apt. 6A, Brooklyn New York 11226. Farrington' photographs have appeared in many publications around the United States.

6. Upon information and belief, Compass is a limited liability company duly organized and existing under the laws of the State of Delaware, with a place of business at 150 Purchase Street, Suite 11, Rye, New York, 10580. At all times material hereto, Compass has owned and operated a website at the URL: www.Schnittshow.com (the "Website").

## STATEMENT OF FACTS

**A.  Background and Plaintiff's Ownership of the Photograph**

7. In November 2016, Farrington captured an exclusive photograph of Anthony Weiner riding a horse during his sex rehab in Tennessee (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8. Farrington then licensed the Photograph to the New York Post. On November 4, 2016, The New York Post ran an exclusive article that featured the Photograph on its web edition entitled, *Anthony Weiner rides through sex addition rehab on a horse.* See http://nypost.com/2016/11/04/anthony-weiner-rides-through-sex-addiction-rehab-on-a-horse/. Farrington's name was featured in a gutter credit identifying him as the photographer of the Photograph. A true and correct copy of the Photograph is attached hereto as Exhibit B.

9. Farrington is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10.     The Photograph was registered with the U.S. Copyright Office and was given Copyright Registration Number VA 2-025-125.

**B.     Defendant's Infringing Activities**

11.     Upon information and belief, Compass copied the Photograph and placed it on their Website. See http://schnittshow.com/schnittlist. The article prominently featured the Photograph on Compass's servers. A true and correct copy of the Photograph on the Website is attached hereto as Exhibit C.

12.     Compass did not license the Photograph from Plaintiff for its Website, nor did Compass have Plaintiff's permission or consent to publish the Photograph on its Website.

**CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST COMPASS)**
**(17 U.S.C. §§ 106, 501)**

13.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14.     Compass infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Compass is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

15.     The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16.     Upon information and belief, the foregoing acts of infringement by Compass have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17.	As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

18.	Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages.  Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Compass be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

3. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

4. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

5. That Plaintiff be awarded pre-judgment interest; and

6. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
January 25, 2017

        LIEBOWITZ LAW FIRM, PLLC

        By: /s/Richard Liebowitz
            Richard P. Liebowitz
        11 Sunrise Plaza, Suite 305
        Valley Stream, NY 11580
        Tel: (516) 233-1660
        RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff William Farrington*